UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

SOUTHERN TELECOM, INC.,                 :
                                        :
            Plaintiff and               :
            Counterclaim                :
            Defendant ,                 :        20-cv-2151 (LJL)
                                        :
            -v-                         :        PROTECTIVE ORDER
                                        :
THREESIXTY BRANDS GROUP, LLC,           :
                                        :
            Defendant and               :
            Counterclaimant.            :

------------------------------------------------- X


LEWIS J. LIMAN, United States District Judge:


        WHEREAS all of the parties to this action (collectively the "Parties" and individually a
"Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure
26(c) to protect the confidentiality of certain nonpublic and confidential material that will be
exchanged pursuant to and during the course of discovery in this case;

        WHEREAS, the Parties, through counsel, agree to the following terms;

        WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket
protections on all disclosures or responses to discovery and that the protection it affords only extends
to the limited information or items that are entitled, under the applicable legal principles, to
confidential treatment;

        WHEREAS, the Parties further acknowledge that this Protective Order does not create
entitlement to file confidential information under seal; and

        WHEREAS, in light of these acknowledgements, and based on the representations of the
Parties that discovery in this case will involve confidential documents or information the public
disclosure of which will cause harm to the producing person and/or third party to whom a duty of
confidentiality is owed, and to protect against injury caused by dissemination of confidential
documents and information, this Court finds good cause for issuance of an appropriately tailored
confidentiality order governing the pretrial phase of this action;

        IT IS HEREBY ORDERED that any person subject to this Protective Order—including
without limitation the Parties to this action, their representatives, agents, experts and consultants, all
third parties providing discovery in this action, and all other interested persons with actual or
constructive notice of this Protective Order—shall adhere to the following terms:

1

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any document containing Discovery Material may designate as "Confidential" any material that is not disclosed by the producing Party to third parties and that consists of:

      a.      internal communications not shared outside of the Party;

      b.      previously nondisclosed material relating to ownership or control of any non-public company;

      c.      any information of a personal or intimate nature regarding any individual; or

      d.      any other category of information hereinafter given "Confidential" status by the Court.

3.      The person producing any document containing Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" material as to which the disclosure is restricted by law or would cause harm to the business, commercial, financial or personal interests of a Party or a third party to whom a duty of confidentiality is owed and that consists of:

      a.      trade secrets or similar confidential  information (such as customer lists, agreements with suppliers or business partners, and profit/loss calculations for products or on a company-wide basis);

      b.      non-public financial information, including, but not limited to, profit-and-loss calculations;

      c.      previously nondisclosed business plans, product development information, or marketing plans;

      d.      any information of a personal or intimate nature regarding any individual; or

      e.      any other category of information hereinafter given "Highly Confidential – Attorneys' Eyes Only" status by the Court.

4.      With respect to the Discovery Material including documents or things other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such documents or things as Confidential or "Highly Confidential – Attorneys' Eyes Only" Discovery Material by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the documents or things in a manner that will not interfere with legibility or audibility; and (b) upon request of the receiving party, producing for future public use another copy of said Discovery Material with the confidential or highly confidential portions of such documents or things redacted.

5.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

2

either by (a) indicating on the record during the deposition that a question calls for Confidential or "Highly Confidential – Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated "Highly Confidential – Attorneys' Eyes Only."

6.        If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order.

7.        No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

a.        officers and employees of the Parties to this action who are specifically involved in the prosecution or defense of this action, their insurers, and counsel to their insurers;

b.        outside counsel of record retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c.        outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

d.        any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.        as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.        any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, to provide testimony about the document or about the specifically contents thereof, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g.        any person retained by a Party or its counsel to serve as an expert witness or

otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

> h.       stenographers engaged to transcribe depositions conducted in this action; and

> i.       this Court, including any appellate court, and the court reporters and support personnel for the same.

Documents designated as "Highly Confidential – Attorneys' Eyes Only" may only be disclosed to those persons referred to in sub-paragraphs 7(b)-(i).

8.       Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f) or 7(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and hold it in escrow.

9.       Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

10.       Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

11.       A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12.       Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13.       Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other

compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(F) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

15.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only.

16.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

17.     Each person who has access to Discovery Material that has been designated as Confidential or "Highly Confidential – Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     In order to reduce the burden and expense of production, particularly with respect to Electronically Stored Information ("ESI") which may be voluminous, AND AS BETWEEN THE PARTIES TO THIS ACTION, the production of any materials in this Action shall not, by itself, be deemed or considered a waiver of any assertion of privilege, including but not limited to attorney work product or attorney-client. A receiving party shall not argue that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B). The producing Party need make no showing with respect to measures taken to prevent the inadvertent production of the documents in question in order to be entitled to their return.

        a.     If any document produced by another person is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving Party shall: (i) refrain from

reading the document any more closely than is necessary to ascertain that it is privileged; (ii) immediately notify the producing person in writing that it has discovered documents believed to be privileged or protected; (iii) specifically identify the documents by Bates number range or hash value range, and, (iv) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the receiving Party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the receiving Party. Notwithstanding, the receiving Party is under no obligation to search or review the producing person's documents to identify potentially privileged or work product protected documents.

        b.      Upon written notice of an unintentional production by the producing person or oral notice if notice is delivered on the record at a deposition, the receiving Party must promptly return, sequester or destroy the specified document and any hard copies the receiving Party has and may not use or disclose the information until the privilege claim has been resolved. The producing person shall also provide an updated privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the document that does not contain privileged or protected information. To the extent that the producing person insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing person shall bear the costs of the return or destruction of such electronic copies.

        c.      To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving Party will sequester such documents until the claim has been resolved. If the receiving Party disclosed the specified documents before being notified of its inadvertent production, it must take reasonable steps to retrieve them. The producing person shall preserve the specified documents until the claim is resolved.

        d.      The receiving Party shall have five (5) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

        19.      Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

        20.      This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

21.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

_____          _____

Dated:                                                         Dated:

DORSEY & WHITNEY LLP                          O'MELVENY & MYERS LLP

    Bruce R. Ewing                                      Jeremy Koegel
    Daniel P. Goldberger                             David Marroso
    Joshua Kornfield                                    1999 Avenue of the Stars Ste 700
    51 West 52nd Street                               Los Angeles, CA 90067-4621
    New York, New York 10019                   dmarroso@omm.com
    ewing.bruce@dorsey.com                      jkoegel@omm.com
    goldberger.dan@dorsey.com               Telephone: (310) 553-6700
    kornfield.joshua@dorsey.com              Facsimile: (310) 246-6779
    Telephone: (212) 415-9200

                                                            RENNER OTTO

*Attorneys for Plaintiff and Counterclaim*
*Defendant Southern Telecom Inc.*                    Kyle B. Fleming
                                                            Mark Johnson
                                                            1621 Euclid Avenue, Floor 19
                                                            Cleveland, Ohio 44115
                                                            mjohnson@rennerotto.com
                                                            kfleming@rennerotto.com
                                                            Telephone: (216) 621-1113
                                                            Facsimile: (216) 621-6165

                                                            *Attorneys for Defendant and Counterclaim*
                                                            *Plaintiff ThreeSixty Brands Group, LLC*

7

SO ORDERED

Dated: 9/30/2020

New York, New York

LEWIS J. LIMAN
United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------- X

SOUTHERN TELECOM, INC.,             :

                                  :

          Plaintiff and         :

          Counterclaim       :

          Defendant ,         :          20-cv-2151 (LJL)

                                    :

           -v-               :          NON-DISCLOSURE

                                    :          AGREEMENT

THREESIXTY BRANDS GROUP, LLC,   :

                                    :

          Defendant and     :

          Counterclaimant.

----------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                            _____