```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SOUTHERN TELECOM INC.,                                           :
                                                                 :
                              Plaintiff,                         :
                                                                 :       20-cv-2151 (LJL)
             -v-                                                 :
                                                                 :           ORDER
THREESIXTY BRANDS GROUP, LLC,                                    :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/17/2021
```

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Southern Telecom Inc. ("STI") moves for reconsideration of the Court's opinion of January 12, 2021, Dkt. No. 58, granting in part and denying in part the motion of Defendant ThreeSixty Brands Group, LLC ("ThreeSixty") to dismiss the complaint.

      STI focuses on a single sentence in the Court's 26-page opinion. That sentence addresses ThreeSixty's authority to approve STI's requests to sell to retail outlets other than those previously agreed to in an appendix to the parties' agreement.  The sentence reads:

> The provision has two separate elements: "In order to maintain the reputation, image and prestige of the Licensed Mark, [1] Licensee's distribution patterns shall consist solely of those retail outlets in the Territory whose location, merchandising and overall operations are consistent with the high quality of Articles and [2] may be withheld in Licensor's sole discretion." Dkt. No. 31 § 5.1 (emphasis and bracketed numerals added).

Dkt. No. 58 at 22.  STI argues that the section of the agreement the Court cited does not explicitly contain the sole discretion language and thus argues that ThreeSixty can only deny STI the right to sell to retail outlets on the basis that the location, merchandising and overall operations of the outlet are inconsistent with the high quality of the articles STI manufactured for sale.

      "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  "It is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'"

*Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

There is no basis for reconsideration here.  STI does not identify any facts or law that the Court overlooked or identify anything other than a scrivener's error in the Court's prior opinion.  As the Court explained in its opinion, the language "sole discretion" comes from Section 6.1 which is applicable to retailer approvals under Section 5.1.  The Court neglected to add a close quotations and the correct additional citation.  The paragraph should have read (with the corrections in bold):

> The provision **regarding retail outlets** has two separate elements: "In order to maintain the reputation, image and prestige of the Licensed Mark, [1] Licensee's distribution patterns shall consist solely of those retail outlets in the Territory whose location, merchandising and overall operations are consistent with the high quality of Articles**"** and [2] "may be withheld in Licensor's sole discretion." Dkt. No. 31 §§ 5.1**, 6.1** (emphasis and bracketed numerals added).

Additionally, the reference in the following paragraph to ThreeSixty's authority to deny approvals "in its sole discretion" should have indicated that that language is found in Section 6.1.

The motion for reconsideration is denied.  The Court will issue a corrected opinion.

SO ORDERED.

Dated: February 17, 2021  
      New York, New York

                                        LEWIS J. LIMAN  
                                      United States District Judge